UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                                                   :

In re QUEBECOR WORLD (USA), INC., et al.,  :        Bankruptcy No.
                                                                                :        08-10152 (JMP)
                                                                                :      (Jointly Administered)
                                             Debtors.  :
                                                                                :      Adv. Proc. No. 10-1568 (SHL)
------------------------------------------------------------X
                                                                                :

CLARKLIFT-WEST, INC., d/b/a CLARKLIFT  :
TEAMPOWER,
                                                 Appellant,  :
                                                                                :        15-CV-2112 (JPO)
                                 -v-                                                :
                                                                                :      <u>OPINION AND ORDER</u>

EUGENE I. DAVIS, as Litigation Trustee for the  :
Quebecor World Litigation Trust,
                                                       Appellee.  :
                                                                                :
------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

      This matter comes before the Court on an appeal from a bankruptcy judge's decision granting summary judgment in favor of the plaintiff below, Appellee Eugene I. Davis, Litigation Trustee for the Quebecor World Litigation Trust (the "Trustee"), and against Appellant Clarklift-West, Inc. ("Clarklift-West" or "Appellant").

      Pursuant to Rule 8018 of the Federal Rules of Bankruptcy Procedure, "[t]he appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." Fed. R. Bankr. P. 8018(a)(1). Clarklift-West failed to file a brief in the time set out in Rule 8018. The Court issued an order on May 26, 2015, requiring Appellant to show cause by June 10, 2015, why this appeal should not be dismissed. (Dkt. No. 5.)

On June 10, 2015, attorney Robert Biegler[1] filed, by mail, a declaration concerning the reasons that Clarklift-West had failed to file a brief within the time set out in the Bankruptcy Rules.[2] Subsequently, at the Court's direction, the parties filed briefing on the question of the appropriate sanction, if any, for Clarklift-West's failure to file a brief within the limits set out in Rule 8018. The Trustee asks that the appeal be dismissed. (Dkt. No. 11 ("Trustee Br.").) Clarklift-West asks that its attorney's neglect be excused and that the Court set a briefing schedule for the appeal. (Dkt. No. 12 ("Appellant Br.").)

I.  Discussion

    A.  Legal Standards

Bankruptcy Rule 8018 provides that "[i]f an appellant fails to file a brief on time . . . the district court . . . , after notice, may dismiss the appeal on its own motion." Fed. R. Bankr. P. 8018(a)(4). Bankruptcy Rule 9006(b)(1) permits an extension of time under the rules, even "after the expiration of the specified period," where "the failure to act was the result of excusable

---

[1] To this date, no appearance has been filed on the docket on behalf of Clarklift-West by any attorney. As the Court noted in a previous order, a corporation may not appear pro se. *See Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 192 (2d Cir. 2006) (holding that "it is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it" (internal quotation marks and alteration omitted)). Biegler's letter brief states that he "has earlier provided a notice of appearance to this Court," and attaches a document purporting to be such a notice of appearance with a handwritten notation indicating that the notice applies to this case, number 15 Civ. 2112 (JPO). (*See* Dkt. No. 12, at 3 & Ex. B.) As Biegler must recognize, however, this document, purportedly filed on May 27, 2015, had not previously appeared on the docket in this case, and Clarklift-West remains listed as a pro se party. Nonetheless, the Court considers Biegler's arguments, which he apparently intends to make on Clarklift-West's behalf.

[2] The declaration was first filed in paper form. (Dkt. No. 8.) About two weeks later, on June 23, 2015, a copy was filed electronically. (Dkt. No. 9.)

neglect." Fed. R. Bankr. P. 9006(b)(1).[3] The Supreme Court has interpreted the excusable neglect standard to permit courts to "accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993).[4] In this determination, a district court should "'tak[e] account of all relevant circumstances surrounding the party's omission,' including '[1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *In re Enron Corp.*, 419 F.3d 115, 122 (2d Cir. 2005) (quoting *Pioneer*, 507 U.S. at 395) (brackets in *Enron*).

The Second Circuit "has 'taken a hard line in applying the *Pioneer* test.'" *Seinfeld v. WorldCom, Inc.*, No. 06 Civ. 13274 (DLC), 2007 WL 987867, at *3 (S.D.N.Y. Apr. 4, 2007) (quoting *Enron*, 419 F.3d at 122), *aff'd sub nom. In re WorldCom, Inc.*, 283 F. App'x 876 (2d Cir. 2008) (summary order). Under this approach, the *Pioneer* factors are not given equal weight. *See Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003). While "three of the factors" of the *Pioneer* test "usually weigh in favor of the party seeking the extension," the

---

[3] The Court notes that Rule 9006, rather than Rule 8001, governs this appeal. The Second Circuit has held that Rule 9006 (and not Rule 8001) is applicable where a district court is confronted with the question of "under what circumstances should an action or filing be permitted in a bankruptcy proceeding, notwithstanding the party's failure to comply with a deadline?" *In re Lynch*, 430 F.3d 600, 605 (2d Cir. 2005) (per curiam); *see also In re Harris*, 464 F.3d 263, 270 & n.5 (2d Cir. 2006) (holding that Rule 8001 applied to a dismissal of a bankruptcy appeal where a party failed to include a hearing transcript in the designation of the record on appeal, and stating that, in contrast, Rule 9006 "concerns when a court should excuse a missed deadline" and "deals with the timeliness of a filing, not its content").

[4] This is in direct contradiction to a portion of a case cited by the Trustee, *In re Sasson Jeans, Inc.*, 90 B.R. 608, 614 (S.D.N.Y. 1988), which was abrogated by *Pioneer*.

Second Circuit "focuse[s] on the third" of the four factors: "'the reason for the delay, including whether it was within the reasonable control of the movant.'" *Id.* (quoting *Pioneer*, 507 U.S. at 395).

The Court of Appeals has indicated that the "failure to follow the clear dictates of a court rule will generally not constitute . . . excusable neglect." *In re Lynch*, 430 F.3d 600, 604 (2d Cir. 2005) (per curiam) (quoting *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250-51 (2d Cir. 1997) (per curiam)).  Thus, "[w]here the rule is entirely clear, . . . a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Enron*, 419 F.3d at 123 (quoting *Silivanch*, 333 F.3d at 366-67.)  Other courts have generally applied the *Pioneer* test in a similar manner.  *See id.* at 123-24 (citing cases from the First, Eighth, and Tenth Circuits).

### B.     Application

Here, as in many cases, three of the four factors weigh only marginally in either direction on the question whether to permit a late filing by Clarklift-West.  *See Silivanch*, 333 F.3d at 366. On the first factor, there appears to be little danger of prejudice from the delay to any party; on the second, the length of the delay—at this point, several months—is not extreme but is also "not insignificant" in the context of Rule 8018, which sets a 30-day time limit for filing an appellate brief, *see Seinfeld*, 2007 WL 987867, at *3; and on the fourth factor, there is nothing in the record that establishes that Clarklift-West's delay can be attributed to conduct in bad faith.  *See Pioneer*, 507 U.S. at 395.  But as the Second Circuit has directed, the Court must take a close look at the third factor, and examine both whether the applicable rule setting the time limit was clear and the reason that Clarklift-West did not file its appellate brief on time.

First, the rule establishing the time limit in question here is entirely clear.  As set out above, Rule 8018 states: "The appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically."  Fed. R. Bankr. P. 8018(a)(1).  The time limit set out in the rule is unambiguous.

Nor was there any possibility of excusable confusion by counsel about the date on which the time to file the brief began to run.  Clarklift-West filed a notice of appeal in the bankruptcy court on November 18, 2014.  (Bk. No. 10-1568, Dkt. No. 57.)  Clarklift-West filed a designation of the record on appeal on March 18, 2015, and the Trustee filed a counter designation on March 20, 2015.  (Bk. No. 10-1568, Dkt. Nos. 58-60.)  The same day, the bankruptcy court's docket reflected that this action, 15 Civ. 2112, was opened in this Court.  (Bk. No. 10-1568, Dkt. No. 61.)  Further, the bankruptcy docket noted that the "record of appeal is complete and available electronically."  (Bk. No. 10-1568, Dkt. No. 62 (capitalization altered).)  Accordingly, it was plain that Clarklift-West's brief was to be filed within 30 days after March 20, 2015.  And even if there were any question on this point, this Court's docket contains a notation dated March 20, 2015, which states, "Appellant Brief due by 4/20/2015."  (*See* No. 15 Civ. 2112, unnumbered docket entry following Dkt. No. 4.)

Second, the reasons offered by Clarklift-West for Biegler's delay in filing the brief fail to establish excusable neglect.  Appellant states that its counsel "did not see" the notice of transmittal of the record, but provides no cogent reason that he did not do so.  (*See* Appellant Br. at 2 ("For whatever reason, Appellant's counsel did see Appellee's Counter Designation, but[] did not see the Court's Notice of Transmittal.").)  The oversight is particularly hard to understand given that a notification of the notice of transmittal was sent by the bankruptcy court's ECF system to an e-mail address associated with Biegler.  (*See* Trustee Br. Ex. A.)

5

In a declaration, Biegler states that he "believed and understood" that he would receive a briefing schedule from the Court. (Dkt. No. 9 ("Biegler Decl.") ¶ 5; *see also* Appellant Br. at 1.) This rationale is inadequate. "[T]he appellant's counsel [is] obligated to check the Federal Rules of Bankruptcy Procedure to determine the applicable deadlines for filing his client's appellate brief." *Seinfeld*, 2007 WL 987867, at *3-4 (holding that the contention that "counsel did not file an appeal out of his belief that the Court would enter a scheduling order setting the filing date deadline" was "inexcusable"). Furthermore, if Biegler had reviewed this Court's docket, he would have seen that the deadline for the appellant's brief had already been set. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect," *Pioneer*, 507 U.S. at 392, and the Court holds that they do not here.[5]

Biegler also notes that he had emergency surgery on April 24, 2015, and has been recuperating since. (Dkt. No. 12, Ex. 1 ("Second Biegler Decl.") ¶ 5.) He states that his illness began in "mid[-]April 2015." (*Id.*) But this is largely beside the point. On March 20, 2015, Biegler should have apprised himself of the transmittal of the appellate record, and by that time should have been aware of the briefing schedule set by Rule 8018. Biegler's illness did not

---

[5] The Second Circuit has indicated that a "casual attitude towards the bankruptcy rules" may constitute further support for a finding that an attorney's neglect is inexcusable. *Lynch*, 430 F.3d at 604 n.4. Here, the Court finds additional evidence of Biegler's disregard of various rules in the course of these proceedings. First, after filing a notice of appeal, Appellant was required by former Rule 8006 (now revised as Rule 8009) to file a designation of the record on appeal within 14 days after filing the notice of appeal. Biegler failed to make such a filing until some four months later. (*See* Bk. No. 10-1568, Dkt. Nos. 57, 58.) Second, after this Court ordered Appellant to show cause why this appeal should not be dismissed for failure to file an appellate brief, Biegler filed his response in paper copy, in contravention of Local Rule 5.2 and the Electronic Case Filing Rules of this Court. (*See* Dkt. Nos. 5, 8.) An electronic copy was not filed until almost two weeks later, after prompting from chambers. (*See* Dkt. No. 9.) Finally, Biegler has still not managed to validly file a notice of appearance in this case, despite the express direction of the Court, as further set out above at note 1.

begin until afterward, leaving him ample time to seek an extension before the deadline. Thus, the illness has little relevance to the issue at hand.

As courts have noted in this context, "an appellant's loss of the right to bring an appeal due to the inadvertent mistakes of his counsel may seem unjust." *Seinfeld*, 2007 WL 987867, at *3. However, "the legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced—where every missed deadline was the occasion for the embarkation on extensive trial and appellate litigation to determine the equities of enforcing the bar." *Id.* (quoting *Enron*, 419 F.3d at 123).

For all these reasons, the Court concludes that Biegler's neglect is inexcusable under the precedent of this Circuit. Accordingly, Clarklift-West's appeal is dismissed.

## II. Conclusion

For the foregoing reasons, Clarklift-West's appeal is DISMISSED. The Clerk of the Court is directed to close this matter.

SO ORDERED.

Dated: August 14, 2015
       New York, New York

_____
J. PAUL OETKEN
United States District Judge